1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ROY HAROLD KELLY,                    No. CIV S-09-2749-FCD-CMK

12                Plaintiff,

13          vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14    MONICA MARLOW,

15                Defendant.

16    _____/

17              Plaintiff, who is proceeding pro se, brings this civil action.   Pending before the

18    court is defendant's motion to dismiss (Doc. 6).  A hearing was held before the undersigned on

19    January 14, 2010, at 10:00 a.m. in Redding, California.  Plaintiff appeared pro se.  William

20    Krabbenhoft, Esq., appeared on behalf of defendant.

21

22                           **I.  PLAINTIFF'S ALLEGATIONS**

23              According to plaintiff, he was issued a traffic ticket on June 14, 2007.  As

24    indicated by documents attached to the complaint, plaintiff was charged with violation of

25    California Vehicle Code § 22350 for exceeding the speed limit, an infraction under state law.

26    Plaintiff's case was heard by defendant Monica Marlow, a judge of the Shasta County Superior

1

Court.  Plaintiff was found guilty on March 5, 2008, and he appealed to the appellate division of the Shasta County Superior Court.  The guilty finding was affirmed.  It does not appear that plaintiff appealed his traffic conviction any further or that the conviction has been set aside or reversed.

Plaintiff claims that defendant Marlow violated his Sixth Amendment rights by denying him a public trial by jury.  He also contends that defendant Marlow "used leading questions to prompt the prosecuting attorney to enter evidence against me that the prosecuting attorney did not have."  He further alleges that defendant Marlow "would not address speed trap evidence provided by the defendant, or allow it to be used as a defense for the defendant."  Plaintiff asserts that defendant Marlow "willfully denied me the right to see the Discovery (case file), willfully denied me the right to see it upon request, and the District Attorney's Office failed to provide me a copy of the Discovery upon request before the hearing began."

## II.  DISCUSSION

Defendant argues that this action should be dismissed because: (1) it is barred by the <u>Rooker</u>-<u>Feldman</u> abstention doctrine; (2) it is barred by the <u>Heck</u> doctrine; (3) defendant is immune from suit under the Eleventh Amendment; (4) defendant is entitled to absolute judicial immunity; and (5) plaintiff cannot state a claim based on violation of the Sixth Amendment rights to jury trial.

Defendant is correct that this action is <u>Heck</u>-barred.  Where an action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the underlying conviction or sentence, such a claim is not cognizable unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 483-84 (1994).  The court cannot construe plaintiff's civil complaint as a habeas petition, but must dismiss such a complaint without prejudice.  <u>See</u> <u>Blueford v. Prunty</u>, 108 F.3d 251, 255 (9th Cir. 1997); <u>see also</u>

1    Heck, 512 U.S. at 487.  In this case, plaintiff's claims necessarily imply the invalidity of the

2    underlying traffic conviction because they relate to whether fundamental constitutional rights

3    were denied in the course of the underlying state court criminal proceeding.  Because plaintiff's

4    claims are not cognizable in a civil action, the case must be dismissed without prejudice.

5            This civil action is also barred by the Rooker-Feldman abstention doctrine.  Under

6    Rooker-Feldman, federal courts lack jurisdiction to hear matters already decided in state court.

7    See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v.

8    Feldman, 460 U.S. 462 (1983).  The doctrine applies in cases "brought by state court losers

9    complaining of injuries caused by state court judgments rendered before the district court

10   proceedings commenced and inviting district court review and rejection of those judgments."

11   Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005).  In this case, plaintiff's

12   traffic conviction was appealed to the appellate division of the Shasta County Superior Court

13   where plaintiff lost.  He did not appeal further in the state courts.  By bringing the instant federal

14   civil action, plaintiff asks this court to reject a final state court criminal judgment.

15           Defendant is further correct that she is entitled to absolute judicial immunity.

16   Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction

17   of their courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

18   This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs

19   an act that is not judicial in nature.  See id.  Judges retain their immunity even when they are

20   accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per

21   curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting

22   in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  In this case, it is

23   clear that plaintiff's allegations relate to defendant's conduct as a judge of the Shasta County

24   Superior Court.

25   / / /

26   / / /

1        The court also agrees that plaintiff cannot state a claim for violation of the Sixth

2  Amendment.  There is no right to a jury trial for a petty traffic infraction.  <u>See</u> <u>Baldwin v. New</u>

3  <u>York</u>, 399 U.S. 66 (1974).

4        Finally, as to Eleventh Amendment immunity, the court does not agree with

5  defendant's argument.  The Eleventh Amendment prohibits federal courts from hearing suits

6  brought against a state both by its own citizens, as well as by citizens of other states.  <u>See</u> <u>Brooks</u>

7  <u>v. Sulphur Springs Valley Elec. Coop.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition

8  extends to suits against states themselves, and to suits against state agencies.  <u>See</u> <u>Lucas v. Dep't</u>

9  <u>of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th

10  Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state

11  agency for purposes of the Eleventh Amendment.  <u>See</u> <u>Alabama v. Pugh</u>, 438 U.S. 781, 782

12  (1978) (per curiam); <u>Hale v. Arizona</u>, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).   The

13  Eleventh Amendment also bars actions seeking damages from state officials acting in their

14  official capacities.  <u>See</u> <u>Eaglesmith v. Ward</u>, 73 F.3d 857, 859 (9th Cir. 1995); <u>Pena v. Gardner</u>,

15  976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  Under the doctrine of <u>Ex Parte Young</u>, 209 U.S.

16  123 (1908), however, the Eleventh Amendment does not bar suits for prospective declaratory or

17  injunctive relief against state officials in their official capacities.  <u>See</u> <u>Armstrong v. Wilson</u>, 124

18  F.3d 1019, 1025 (9th Cir. 1997).

19        While it is clear that defendant is sued in her official capacity because all of

20  plaintiff's factual allegations relate to defendant's conduct as a judge of the Shasta County

21  Superior Court, Eleventh Amendment immunity is inapplicable to suits seeking prospective

22  declaratory relief.  In this case, under the section of plaintiff's complaint entitled "Relief,"

23  plaintiff states that he is seeking declaratory judgment.  Plaintiff does not appear to be seeking

24  monetary damages.

25  / / /

26  / / /

**III.  CONCLUSION**

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 6) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED: February 11, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE